**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                          |   |                          |
|--------------------------|---|--------------------------|
| JOEL SOTO                | : |                          |
|    Petitioner, | : | CRIMINAL CASE NO.   |
|                          | : | 3:09-CR-00023 (JCH) |
|    v.     | : |                          |
|                          | : |                          |
| UNITED STATES OF AMERICA, | : | JANUARY 23, 2013        |
|    Respondent. | : |                     |

**RULING RE: MOTION FOR REDUCTION OF SENTENCE (Doc. No. 1621)**

Defendant Joel Soto ("Soto") has filed a Motion for Reduction of Sentence (Doc. No. 1621), in which he seeks to benefit from retroactive changes in the sentencing guidelines for crack-cocaine offenses as well as from the Fair Sentencing Act of 2010 ("FSA").  Neither Amendment 750 to the sentencing guidelines nor the Fair Sentencing Act applies to Soto; therefore, the Motion is denied.

**I.      Fair Sentencing Act**

Although Soto does not argue in his Motion papers that he is eligible for resentencing pursuant to the FSA, he labels his Motion as a "Motion for the Application of the Fair Sentencing Act and Request for Reduction of Sentence Pursuant [to] Amendment 750." See Def.'s Mot. for Reduction.  In an abundance of caution, the court will consider this argument; however, it does not offer Soto any relief.  Soto was sentenced on June 23, 2010, a little over two months before the FSA took effect on August 3, 2010.  The FSA is not applied retroactively to defendants who were sentenced before the law went into effect; therefore, the FSA cannot be applied to reduce Soto's sentence.  See Dorsey v. United States, 132 S.Ct. 2321, 2336 (2012); United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010).

## II.   Application of Amendment 750 to the Sentencing Guidelines

The United States Sentencing Guidelines were amended in 2011 to retroactively change the Sentencing Guideline's drug quantity tables for crack cocaine offenses. However, pursuant to Section 3582(c) of Title 18 of the United States Code, "a sentence reduction under Amendment 750 is only authorized if it would have the effect of lowering a defendant's applicable guideline range."  United States v. Hill, 2012 WL 90151, at *2 (D. Conn. Jan. 11, 2012).

Soto was sentenced to a period of incarceration of 228 months.  His guidelines range was found by this court to be 292 months to 365 months, based on a base offense level of 36 and a criminal history category of five.  See Sentencing Tr. (Doc. No. 1511) at 39.  Soto appears to argue that, based on the court's determination that at least 50 kilograms of powder cocaine were reasonably attributable to him and the Presentence Report's ("PSR's") analysis that Soto converted approximately one-eighth of the powder cocaine to crack cocaine, his drug quantity calculation should be based on 43.75 kilograms of powder cocaine and 6.25 kilograms of crack cocaine.  See Def.'s Mot. for Reduction at ¶¶ 4-5.  According to Application Note 8(B) to United States Sentencing Guideline § 2D1.1, when combining differing controlled substances to obtain a single offense level, the court should convert each of the drugs to their marijuana equivalent, add the quantities, and look up the total marijuana quantity in the Drug Quantity Table.  See Application Note 8(B), U.S.S.G. § 2D1.1.  Based on the equivalency table set forth in Application Note 8(D) to United States Sentencing

Guideline § 2D1.1,[1] the total marijuana quantity attributable to Soto is 31,068.75 kilograms of marijuana.[2]  That quantity translates to a base offense level of 38,[3] a level higher than the one used by the court in sentencing the defendant.  Therefore, because application of Amendment 750 does not lower Soto's guideline range, Soto is not entitled to a reduction in sentence.

Furthermore, upon review of the transcript from Soto's sentencing hearing, it is clear that the court did not sentence Soto based on <u>any</u> quantity of crack cocaine.  The court reached its determination that Soto was subject to a base offense level of 36 based solely on possession with the intent to distribute at least 50 kilograms of powder cocaine.[4]  <u>See</u> Sentencing Tr. at 36-37.  The court recognized that, "the fact that we have calculated it as powder, of course, has made the guidelines much lower than they would have been because I do know you were involved . . . [when members of the conspiracy] converted it to crack."  <u>Id.</u> at 61.  The court determined defendant's guidelines and sentenced him based solely on powder cocaine quantity.  Therefore, for this reason alone, Soto is not entitled to resentencing as his sentence was not impacted

---

[1] One gram of powder cocaine translates to 200 grams of marijuana.  One gram of crack cocaine translates to 3,751 grams of marijuana.  <u>See</u> Application Note 8(D), U.S.S.G. § 2D1.1.

[2] At another point in his Motion, Soto makes mention of being responsible for 4.5 kilograms of crack cocaine as "recommended by the PSI."  Def.'s Mot. for Reduction at ¶ 31.  In the PSR, the Probation Officer calculated an offense level based on "distribution of at least 4.5 kilograms of cocaine base [crack]" <u>and</u> "at least 50 kilograms but less than 150 kilograms of cocaine."  <u>See</u> PSR at ¶ 20.  Even using 50 kilograms of powder cocaine and 4.5 kilograms of crack cocaine, the base offense level is 36, the same level used by the court in sentencing the defendant.  <u>See</u> Application Note 8(D), U.S.S.G. § 2D1.1.

[3] Soto argues in his Motion that his new base offense level should be 34 "for at least 840 G but less than 2.8 KG of Cocaine Base."  Def.'s Mot. for Reduction at ¶ 31.  The court does not understand how the defendant reaches this determination, and he does not explain it.

[4] Because Soto was convicted of participating in a conspiracy, this calculation is based on the quantity of cocaine involved in the overall conspiracy which was "reasonably attributable" to Soto.  <u>See</u> Sentencing Tr. at 36.

by the disparity between the crack cocaine and powder cocaine guidelines.

**III.    CONCLUSION**

For the foregoing reasons, Soto's Motion for a Reduction in Sentence

(Doc. No. 1621) is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 23rd day of January, 2013

_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge