UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:09CR23(JCH) |
| | : | |
| v. | : | |
| | : | |
| JOEL SOTO | : | October 29, 2019 |

## GOVERNMENT'S MEMORANDUM IN AID OF RESENTENCING

The government respectfully submits this memorandum in aid of resentencing scheduled for November 4, 2019, at 11:00 a.m.   This memorandum provides a brief summary of Mr. Soto's original sentencing held on June 23, 2010, and the Court's rationale in imposing its original sentence.[1]

This investigation and prosecution in 2009 targeted the professional narcotics distributors who dominated the illegal drug trade in Bridgeport at that time.   Mr. Soto was one of two defendants who elected to go to trial in *United States v. George Sanchez et al*., Case No. 3:09CR23(JCH), for conspiracy to possess with intent to distribute five kilograms or more of cocaine, and conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, both in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).   His co-defendant at trial, George Sanchez, chose to plead guilty after four days of evidence.   On October 1, 2009, a jury convicted Mr. Soto of Count One (Powder Cocaine) and Count Two (Crack Cocaine), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), which subjected the defendant to a mandatory minimum of 10 years to life imprisonment.

---

[1] The government respectfully notes its objection to the Court's Ruling [doc. 1830] filed on October 9, 2019, granting Mr. Soto's motion for relief [doc. 1809] under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), § 404, and ordering a plenary resentencing.

At sentencing on June 23, 2010, the parties disputed the attributable drug quantity in terms of powder cocaine. To be as conservative as possible, the court accepted Mr. Soto's premise that he was involved in the drug conspiracy for only two years and five months (i.e., approximately 124 weeks). Sentencing Transcript, Doc. 1511, at 14-15 (see attached). Based on the evidence adduced at trial, the Court found that "[a]ll the evidence [the court] heard at trial would support . . . a very conservative inference that in the latter half of the conspiracy [from late 2006 onward]," Soto, Sanchez, and their co-conspirators were distributing "at least one kilogram . . . a week," and Soto was personally involved in distributing two to three kilograms a week during that time period. *Id*. at 14. In light of Soto's participation for at least 124 weeks at only one kilogram per week, the court found that his attributable quantity was well within the 50 to 150 kilogram range—that is, "a very conservative conclusion as to the quantity of cocaine reasonably attributed to Mr. Soto." *Id*. at 36-37. In making these findings, the Court found that for at least three years, Mr. Soto was a close, trusted associate of the organization's leader, George Sanchez, and personally and regularly purchased for the organization multi-kilogram amounts of cocaine that cost then in excess of $20,000 per kilogram. *Id*. at 36-37.

The Court then determined that with a total offense level of 36 and a criminal history category V, Mr. Soto's Guideline range was 292 to 365 months. *Id*. at 39, 58. The Court sentenced the defendant to a non-Guideline sentence of 228 months of imprisonment, which reflected a downward departure for overstated criminal history pursuant to *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001).[2]

---

[2] On January 6, 2012, the Second Circuit Court of Appeals affirmed the judgments for both Sanchez and Soto. *See United States v. Sanchez et al.*, 455 Fed. App'x 27 (2d Cir. 2012). This Court subsequently denied Mr. Soto's motion to vacate, set aide, or correct his sentence pursuant

In imposing the 228-month sentence, the Court found that Mr. Soto was "active[ly] involve[d] with a group of people who put an inordinate amount of drugs on the streets of Bridgeport," and that he had "help[ed] feed . . . the network of distribution of a large number of people out on the streets. *The number of people whose lives you affected by the sale of this stuff is incalculable in my view*." Sentencing Transcript, Doc. 1511, at 60 (emphasis added). The Court further found that Mr. Soto had sold large amounts of cocaine and crack cocaine for "at least a three year period," and that his attributable quantity of cocaine was actually "much higher than" the conservative 50 kilogram finding made by the Court. *Id*. at 61. Although Mr. Soto was not accused of personally committing violence, the Court found that Soto, "as someone who was involved in the drug dealing business for this period of time, . . . [was] aware there's violence with drug dealing. Deals go bad. People get angry. One [group] thinks they have been disrespected. One group of dealers is fighting with another group of dealers and leads to crime in the community that results in the innocent people getting injured." *Id*. at 59-60.

Moreover, the Court found that there was a "need for the sentence . . . to protect the public." *Id*. at 63. Mindful of its obligation to impose a sentence sufficient but not greater than necessary under section 3553(a), the Court found: "While it really seems like a waste to lock you up, the fact of the matter is, *it is not a waste in the sense that society avoids the risk of you selling illegal drugs by locking you up*." *Id*. (emphasis added).

Finally, the Court recognized that its sentence had to "avoid unwarranted sentencing disparities among the defendants who have similar records and do similar things." *Id*. The chart

---

to 28 U.S.C. § 2255, alleging ineffective assistance by his trial counsel in failing to pursue a beneficial plea offer. The Court's ruling found that Mr. Soto admitted that he had rejected the government's plea offer. *See Soto v. United States*, Case No. 3:13CV268(JCH), Doc. 21, at 4.

below provides a listing of the similarly situated defendants in Mr. Soto's case and the sentences imposed by the Court. The government respectfully submits that the original 228-month sentence was commensurate with the other sentences imposed by the Court when factoring in the attributable drug quantity, respective criminal history, and relative culpability.

| **Defendant** | **Drug Quantity** | **CHC** | **Guideline Range** | **Actual Sentence** |
|---|---|---|---|---|
| GEORGE SANCHEZ | more than 150 kg cocaine | IV | 360 months-life (partial acceptance) | 330 months |
| JOEL SOTO | 50-150 kg cocaine | IV | 292-365 (no acceptance) | 228 months |
| EDDIE PAGAN | 5-15 kg cocaine | VI | 188-235 months | 162 months |
| JOSE LUIS SANCHEZ | 5-15 kg cocaine | V | 151-188 months | 150 months |
| NELSON ALBALADEJO | 5-15 kg cocaine | IV | 121-151 months | 121 months |
| TERRENCE WILLIAMS | 5-15 kg cocaine | V | 140-175 months | 120 months |
| GREGORY CRUZ | 150-500 gm crack cocaine | IV | 108-135 months | 120 months |
| JUAN ORTIZ | 100 gm crack 100 gm heroin | VI | 120-132 months | 120 months |

| ABNER TORRES | 5-15 kg cocaine | I | 120-135 months | 70 months (safety valve) |
|---|---|---|---|---|
| JERRY SANTIAGO | 5-15 kg cocaine | I | 87-120 months | 70 months (safety valve) |

In sum, the government respectfully asks the Court to consider the record undergirding Mr. Soto's original sentence when fashioning his sentence at resentencing.

    Respectfully submitted,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    */s/ Harold H. Chen*

    HAROLD H. CHEN
    ASSISTANT UNITED STATES ATTORNEY
    FEDERAL BAR NO. CT24432
    1000 LAFAYETTE BLVD., 10th FLOOR
    BRIDGEPORT, CONNECTICUT 06604
    (203) 696-3000

**CERTIFICATE OF SERVICE**

      This is to certify that on October 29, 2019, a copy of foregoing Government's Resentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      */s/ Harold H. Chen*

      HAROLD H. CHEN
      ASSISTANT UNITED STATES ATTORNEY